IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


JERRY SIMS                                                    PETITIONER


vs.                    Civil Case No. 2:05CV00335 HLJ


LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Jerry Sims, an inmate of the Federal Correctional Institution (FCI) in Forrest City, Arkansas, who is serving a twenty-four month sentence from the United States District Court for the Western District of Tennessee, for felon in possession of a firearm. Petitioner does not challenge his conviction or his sentence. His only claim in this petition is his challenge to the Bureau of Prison's (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the

_____

[1]  That statute provides as follows:

2

statute that governs the transfer of inmates to community correctional centers (CCCs) prior to their release from imprisonment. He contends he is entitled to serve the last six months of his sentence in a CCC, but states he is tentatively scheduled to be transferred to a CCC only during the last ninety days of his sentence.

This is one of several cases before this court addressing such transfers. See Jones v. Sanders, NO. 2:05CV00047 (E.D.Ark.June 7, 2005), and Mayers v. Sanders, NO. 2:05CV00055 (E.D.Ark.June 7, 2005). In addition, Proposed Findings and Recommendations by this court regarding this issue were adopted by the Hon. George Howard, Jr., in Fults v. Sanders, NO. 2:05CV00091 (E.D.Ark. July 22, 2005), and by the Hon. J. Leon Holmes in Rodriquez v. Sanders, NO. 2:05CV00067 (E.D.Ark. Aug. 30, 2005).  Respondent filed a notice of appeal on September 13, 2005, in Fults v. Sanders, USCA Case No. 05-3490.[2]

---

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

[2] As a district court recently observed, there is a

a growing split of authority in the federal district courts about the validity of the February 2005 rule. Some courts have invalidated the new regulation on the ground that it disregards the factors set forth in §

3

In these cases, the court rejected Respondent's argument that continued limitations on transfers to CCCs under a new regulation that went into effect on February 14, 2005, at 28 C.F.R. § 570, are a "categorical exercise" of its discretion and do not conflict with Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004).  Instead, this court agreed with a recent decision from the Eastern District of New York,

---

3621(b), and therefore suffers from the same infirmities as the December 2002 policy. See, e.g., Baker v. Willingham, No.3:04CV1923(PCD), 2005 WL 2276040 (D.Conn. Sep. 19, 2005); Wiederhorn v. Gonzales, No. 05-360, 2005 WL 1113833 (D.Or. May 9, 2005); Pimentel v. Gonzalez, 367 F.Supp.2d 365 (E.D.N.Y.2005); Paige v. United States, 369 F.Supp.2d 1257 (D.Mont.2005); Cook v. Gonzales, No. 05-09, 2005 WL 773956 (D.Or. April 5, 2005); Drew v. Menifee, No. 04-9944, 2005 WL 525449 (S.D.N.Y. Mar. 4, 2005). But a fairly equal number of courts have ruled to the contrary, concluding that the February 2005 policy reasonably interprets the enabling statute, § 3621(b), and therefore, is valid.  See Charboneau v. Menifee, 05 Civ.1900(MSM), 2005 WL 2385862 (S.D.N .Y. Sep. 28, 2005); Lee v. United States, No.Civ.A. 04-0610-CG-C, 2005 WL 2179796 (S.D.Ala. Sep. 6, 2005); Hurley v. Sherrod, No.Civ.A.05CV0117LTBPAC, 2005 WL 2141490 (D.Colo. Sep. 1, 2005); Troy v. Apker, 05 Civ. 1306(GEL), 2005 WL 1661101 (S.D.N.Y. June 30, 2005) (finding that the BOP has the authority to categorically exercise its discretion regarding CCC transfers and upholding the validity of the February 2005 rule); Moss, 376 F.Supp.2d 416 (same); Yip, 363 F.Supp.2d 548 (same); Levine v. Menifee, 05 Civ.1902(RCC), 2005 WL 1384021 (S.D.N.Y. June 9, 2005) (same); Levine v. Apker, 05 CV 3472(CLB), 2005 WL 1417134 (S.D.N.Y. May 20, 2005) (finding "no Constitutional infirmity in the exercise of categorical discretion under the circumstances where the statute calls for individualized consideration"). See also Wiesel v. Menifee, No. 04 Civ. 9681(DAB), 2005 WL 1036297 (S.D.N.Y. May 2, 2005) (upholding the February 2005 regulations, but finding their application to petitioner, who was convicted prior to the policy change, to be a violation of the Ex Post Facto Clause).

Harris v. Federal Bureau of Prisons, 2005 WL 2562970, *8 (D.N.J. October 6, 2005).

which found this new regulation "in no way furthers or interprets" the factors set forth in § 3621(b) that were intended to inform the BOP's decision-making with regard to CCC placement. <u>Pimentel v. Gonzalez</u>, 367 F.Supp.2d 365, 374-75 (E.D.N.Y May 3, 2005). This court concluded that, although the BOP labeled the rule a "categorical exercise of discretion" it did not exercise its discretion at all, but merely re-packaged the December 2002 blanket rule that was rejected in <u>Elwood</u>.

In the present case, Respondent has raised the additional "factor" that Petitioner "failed" the required Drug Education Program. Petitioner contends he "withdrew" from the program because of health problems caused by a previous stroke. Respondent has made no specific argument based on this "factor," and the court will not attempt to guess at her intent as to its inclusion in her brief. The court need not consider Petitioner's failure to complete the program, because these cases do not dictate the final outcome of the transfer question for any of the petitioners. As the court has stated in each of its opinions, the court in <u>Elwood</u> did not rule the petitioner had a right to be transferred to a CCC. It merely ruled he had a right to be considered for such a transfer in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy. It appears that persons who receive a transfer ordinarily have completed the drug program, and it is a factor the Bureau considers in making the final decision, but it does not appear the failure to complete the program is an absolute bar to a CCC

transfer.   Until Respondent makes a specific argument regarding a petitioner's failure to complete the program, the court must regard it as irrelevant to its decision.

The court adopts the reasoning in its previous orders and recommendations and finds the Petitioner in this case is entitled to relief.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted.  Respondent is directed to (a) consider, prior to six months before the end of Petitioner's sentence and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy; and (b) placing Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

SO ORDERED this 23rd day of February, 2006.


_Henry L. Jones, Jr._
_____
United States Magistrate Judge

6